# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VAN NGUYEN,

        Plaintiff(s),

v.

AAA NORTHERN CALIFORNIA NEVADA & UTAH INSURANCE EXCHANGE, et al.,

        Defendant(s).

2:13-CV-632 JCM (GWF)

**ORDER**

    Presently before the court is the matter of *Nguyen v. AAA Northern California Nevada & Utah Insurance Exchange*, case number 2:13-cv-00632-JCM-GWF.

    Defendant removed this action from state court pursuant to 28 U.S.C. § 1441(b). Defendant cited this court's diversity jurisdiction, 28 U.S.C. § 1332, as the basis for removal. Plaintiff is a Nevada citizen, defendant is a California citizen, and the three causes of action are all state common law causes of action.

    After reviewing the petition for removal and the statement regarding removal, this court issued an order to show cause why this case should not be *sua sponte* remanded back to state court. (Doc. # 12). After reviewing the relevant documents, this court was unconvinced the amount in controversy exceeded $75,000, and ordered defendant to file supplemental briefing on the issue.

**James C. Mahan**
**U.S. District Judge**

Defendant filed a supplemental briefing. (See doc. # 14). After reviewing the supplement, the court finds remand is appropriate because it does not have jurisdiction for the reasons stated *infra*.

There is a strong presumption against diversity jurisdiction, especially in removal cases, and federal jurisdiction "must be rejected if there is any doubt as the to the right of removal..." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The burden of proof for removal is on the defendant. *See Gaus,* 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990)). Finally, "when the plaintiff fails to plead a specific amount of damages," such as in this case, "the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk v. U.S. Bank National Ass'n.*, 479 F.3d 994, 998 (9th Cir. 2007).

It is true that plaintiff initially demanded the $100,000 policy limit in this case. However, this initial demand (that exceeds the minimum amount of controversy requirement) is overcome by two subsequent developments. First, plaintiff offered to settle the entire case for $45,000, and the defendant rejected that offer. The court infers that defendant rejected this settlement offer because defendant values this lawsuit at less than $45,000 and not more than $45,000. Second, defendant has represented that the parties are contemplating binding arbitration in this case with an award capped at $70,000.

A preponderance of the evidence demonstrates that the minimum amount in controversy is not satisfied and that this court does not have jurisdiction.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the matter of *Nguyen v. AAA Northern California & Utah Insurance Exchange*, case number 2:13-cv-00632-JCM-GWF, be remanded back to state court.

DATED June 18, 2013.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -